IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIAM BURTON, | * | |
| Petitioner | * | |
| v. | * | Civil Action No. DKC-23-1749 |
| STATE OF MARYLAND, *et al.*, | * | |
| Respondents | * | |

***

### MEMORANDUM OPINION

In response to the Petition filed by William Burton for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, Respondents filed a Limited Answer asserting that the Petition must be dismissed as untimely. ECF No. 7. After being advised that the limitations period is subject to equitable tolling, Mr. Burton was granted an opportunity to file a Reply addressing Respondents' claim that the Petition should be dismissed. ECF No. 10. Mr. Burton filed a Reply asserting that he is entitled to equitable tolling of the limitations period. ECF No. 12. There is no need for a hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2023); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the reasons that follow, the Petition shall be dismissed and a certificate of appealability shall be declined.

**A.   Background**

On July 13, 2009, Mr. Burton was indicted on charges of attempted first and second degree murder, first degree assault, first degree rape, attempted first degree rape, second degree rape, attempted second degree rape, first degree sex offense, attempted first degree sex offense, second degree sex offense, attempted second degree sex offense, third degree sex offense, sodomy, and kidnapping in the Circuit Court for Wicomico County. ECF No. 7-1 at 4-5.

On January 21, 2010, Mr. Burton entered a guilty plea to attempted first degree murder in exchange for the State's agreement to enter a nolle prosequi for all remaining charges. ECF No. 7-2 at 30. On March 25, 2010, the court, after acknowledging the sentencing guidelines were calculated to be in the range of 15 to 25 years, sentenced Mr. Burton to life. ECF No. 7-3 at 32-34.

On April 8, 2010, Mr. Burton, through counsel, filed an Application for Review of Sentence and Request for Three Judge Panel. ECF No. 7-1 at 8-9. The unanimous decision of the panel, issued on May 7, 2010, was that Mr. Burton's sentence remain unchanged. *Id*. at 11.

On June 14, 2010, Mr. Burton, through counsel, filed a Motion for Modification of Sentence. ECF No. 7-1 at 12-13. The motion to modify the sentence and to hold the motion sub curia was denied on July 1, 2010. *Id*. at 14.

An attorney with the public defender's collateral review division filed a Petition for Post-Conviction Relief on March 24, 2020, on Mr. Burton's behalf, asserting that trial counsel rendered ineffective assistance of counsel by failing to advise him of the parole consequences of his guilty plea and of the parole consequences of a life sentence. ECF No. 7-1 at 15-30. A hearing was held on October 22, 2021, and, in an Opinion and Order issued by the Circuit Court for Wicomico County on January 24, 2022, post-conviction relief was denied. *Id*. at 31-37.

Mr. Burton's counsel filed an application for leave to appeal on February 16, 2022. ECF No. 7-1 at 38-47. The application for leave to appeal was denied by the Maryland Court of Special Appeals, now the Appellate Court of Maryland, without opinion on June 30, 2022. *Id*. at 48-50.

Mr. Burton's federal habeas petition is deemed filed with this court on the date he relinquished control of the petition to prison officials for the purpose of mailing it to the court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). Mr. Burton dated his petition June 15, 2023 (ECF No.

2

1 at 16) and it is postmarked June 28, 2023 (ECF No. 1-1). He raises the same two issues presented in his state post-conviction petition.

**B.     Analysis**

As previously noted, the one-year limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The one-year limitations period for filing a federal habeas petition is tolled while a "properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2).

Mr. Burton had 30 days after the date he was sentenced, March 25, 2010, to file an application for leave to appeal his guilty plea pursuant to Md. Rule 8-204(b)(2)(A). The deadline for his application would have been April 26, 2010, as April 24th fell on a Saturday. Mr. Burton did not, however, file an application for leave to appeal. One year from April 26, 2010, is April 26, 2011. Mr. Burton's Motion for Modification of Sentence tolled the one-year limitations period under 28 U.S.C. § 2244(d)(2) because "a Maryland Rule 4-345 motion to reduce sentence 'is not part of the direct review process' and 'undoubtedly calls for 'review' of the sentence.'" *Mitchell*

*v. Green*, 922 F.3d 187, 195 (4th Cir. 2019) quoting *Wall v. Kholi*, 562 U.S. 545, 555 (2011). That motion remained pending for 17 days. When those 17 days are accounted for in calculating Mr. Burton's filing deadline under § 2244(d), his filing deadline becomes May 13, 2011. Because his petition for post-conviction relief was not filed until nine years after the deadline expired, the petition for post-conviction relief has no tolling effect on the limitations period for filing his federal petition.

Thus, Mr. Burton's petition was filed over twelve years beyond the filing deadline.

Mr. Burton concedes that his Petition is untimely and does not assert a claim of actual innocence. ECF No. 12. Rather, he asserts that he is entitled to equitable tolling. He explains that a few months after he entered the Maryland Division of Correction, he was extradited to the State of Massachusetts on a detainer where he remained for a period of 20 months. *Id*. at 6, citing *Commonwealth v. Burton*, Norfolk Sup. Court, Case No. NO CR 2010-00774. Mr. Burton argues that the time out of Maryland without access to Maryland case law hindered his access to due process and amounts to an extraordinary circumstance. Mr. Burton admits, however, that he returned to Maryland in 2012, yet his post-conviction petition was not filed until eight years after his return. Mr. Burton maintains that he was diligent in pursuing his remedies because Maryland provides for a ten-year limitations period for pursuing post-conviction relief and he began attempting to obtain an attorney to assist with filing a petition as soon as he returned from Massachusetts. *Id*. at 7. He additionally faults his attorney for failing to tell him about his available appeals before the one-year period expired. *Id*. at 5. Neither Mr. Burton's twenty-month transfer out of state following his sentencing, nor his attorney's alleged failure to inform him of the one-year limitation period amounts to the type of extraordinary circumstance warranting equitable tolling of the limitations period.

4

The United States Court of Appeals for the Fourth Circuit has consistently held that a party seeking to invoke equitable tolling must show that (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) prevented him from filing on time.  *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc).  Further, to be entitled to equitable tolling, a habeas petitioner must show:  "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted); *see also Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (stating that "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent" and "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result").

Ignorance of the law does not constitute grounds for equitable tolling.  *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (stating that "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling"); id. (citing cases).  Mr. Burton's lack of knowledge regarding the one-year limitations period for a federal habeas petition cannot be considered "extraordinary" or something "external" to him.  *See id*. ("Sosa's misconception about the operation of the statute of limitations is neither extraordinary nor a circumstance external to his control."); *see also Rouse*, 339 F.3d at 246; *Harris*, 209 F.3d at 330.  Finally, although "[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence," *Holland*, 560 U.S. at 653 (internal citations and quotation marks omitted), the court cannot find that Mr. Burton acted with reasonable diligence when he took no action to seek federal habeas relief for more than twelve years.  He has offered no evidence that he made inquiries about

5

his available avenues for challenging his conviction over that expanse of time, nor has he made a showing that he was in any way affirmatively misled.

**C.     Certificate of Appealability**

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'"  *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).  Mr. Burton may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate.  *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

By separate order which follows, the Petition will be dismissed as untimely and a certificate of appealability declined.

April 23, 2025                                              /s/
                                          DEBORAH K. CHASANOW
                                          United States District Judge

6